IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAKE EARL HENDRIX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3451 |
| | § | |
| JEFFREY SANDERS, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion for summary judgment filed by defendant Jeffrey Sanders in this *pro se* state inmate civil rights lawsuit. (Docket Entry No. 85.)

On September 26, 2014, the Court entered an order in this case, stating, in relevant part, as follows:

> Construed liberally, plaintiff's [motion for new trial] alleges that Sanders was deliberately indifferent to plaintiff's medical and safety needs by failing to institute suicide precautions for plaintiff *prior to his attempted suicide on April 22, 2011*. According to plaintiff, suicide precautions should have been initiated even if defendants believed plaintiff's threats of suicide were fabrications or ruses to obtain better housing. *Plaintiff claims that Sanders met with him before the incident, inquired from other sources whether plaintiff could be transferred to a crisis management unit, and was informed no beds were available. Plaintiff argues that, at that point, Sanders should have returned plaintiff to a cell with suicide precautions in place*, and that Sanders was deliberately indifferent in failing to implement these precautions. Plaintiff was instead returned to his cell, where he later made a suicide attempt due to stress caused by a prison lock down.

\* \* \* \*

> The Court GRANTS IN PART the motion for new trial and ORDERS a new trial limited to the issues of (a) whether defendant Sanders was deliberately indifferent to plaintiff's safety and health needs in not initiating suicide precautions for plaintiff upon plaintiff's return to his cell on April 22, 2011, and (b) whether Sanders is entitled to qualified immunity.

(Docket Entry No. 76, emphasis added.)

By the above order, the Court ordered defendant Sanders to respond to plaintiff's allegations that he had complained to Sanders of suicidal thoughts on April 22, 2011, before his attempted suicide, and that Sanders returned plaintiff to his cell shortly thereafter without putting suicide precautions in place, leading to plaintiff's attempted suicide later that day. Plaintiff claims that Sanders could have prevented the suicide attempt by initiating suicide precautions for plaintiff when plaintiff was returned to his cell. Consequently, defendant Sanders's actions prior to April 22, 2011, and his actions after plaintiff's attempted suicide of that same date, were not at issue.

Nevertheless, defendant Sanders opens his pending motion for summary judgment by stating, "Defendant Sanders moves for summary judgment on the issues of whether he was deliberately indifferent to Plaintiff's safety and health needs *after Plaintiff's suicide attempt*, and whether he is entitled to qualified immunity." (Docket Entry No. 85, p. 1, emphasis added.) This Court has already rejected plaintiff's claims that the defendants were deliberately indifferent to his health and safety needs after the suicide attempt. *See* Memorandum Opinion and Order, July 23, 2014, pp. 10–16. Consequently, the Court must

deny as moot Sanders's motion for summary judgment because it addresses issues that are not pending before the Court.

The only issues before the Court at this time are (a) whether Sanders was deliberately indifferent to plaintiff's safety and medical needs in not initiating suicide precautions for plaintiff upon plaintiff's return to his cell on April 22, 2011, *after* he met with Sanders but *before* his suicide attempt (as per plaintiff's allegations), and (2) whether Sanders is entitled to qualified immunity. Again, Sanders's actions prior to April 22, 2011, and his actions after plaintiff's attempted suicide of that same date, are not at issue.

Defendant Sanders's motion for summary judgment (Docket Entry No. 85) is **DENIED AS MOOT**. Any amended motion for summary judgment conforming to this order must be filed within sixty days from date of this order. Any exhibits already on file with the Court (Docket Entry No. 85, Exhibits A–C) need not be resubmitted.

Signed at Houston, Texas, on this the 3rd day of September, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE